BURGER v. AGNEW.    (No. 6923.)

(Supreme Court, Appellate Division, First Department.    March 12, 1915.)

Appeal from City Court of New York, Trial Term.

Action by Clarence L. Burger against George B. Agnew. From a determination of the Appellate Term, affirming a judgment of the City Court of the City of New York, defendant appeals. Reversed, and new trial granted.

See, also, 150 N. Y. Supp. 1078.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Alfred A. Wheat, of New York City, for appellant.
. Charles Oakes, of New York City, for respondent.

PER CURIAM.    Plaintiff's verdict, directed by the trial court, was for the balance claimed to be due on a contract for the sale to defendant of the rights to an unpatented invention. Plaintiff claims that the transaction was consummated by a telephone conversation on December 9, 1913, by which the defendant bought from him the United States rights and also all foreign rights, for which latter he was to pay $50 for each country in which he (defendant) might thereafter elect to take out patents, the sum so to be paid to include plaintiff's services in preparing and filing the necessary applications; that defendant paid the agreed amount for the United States rights, but failed to exercise his election to apply for patents in any of the foreign countries.

The defendant's version of the agreement is that the United States rights were sold to him outright, and that he had the privilege to elect in what, if any, foreign countries applications for patents should thereafter be filed, and that, on his making such election, the plaintiff should file applications for the countries covered thereby, and that, in consideration of the payment of $50 for his services with respect to each of such applications and his necessary disbursements, the patents when issued should belong to defendant.

The substantial difference between the parties lies in the fact that plaintiff claims that there was a present sale to defendant of the right to file applications in all foreign countries, or in such as the defendant might elect, for each of which plaintiff was to receive $50 and his necessary disbursements, his services in preparing and filing applications to be given gratis; whereas, the contention of defendant is that the contract was one for future services only, and with respect to such applications or countries as he might elect. A careful reading of the oral testimony of the parties and the voluminous correspondence, beginning with December 1, 1913, and extending down to March 12, 1914, convinces us that there was a question of fact for the jury, and that the court erred in directing a verdict for the plaintiff.

For this reason, the determination and judgment must be reversed, and a new trial ordered, with costs to appellant in all courts to abide the event.